UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARK J. ANDERSON

VERSUS

THE PARISH OF ASCENSION, ET AL

CIVIL ACTION

NO. 03-CV-539

## RULING ON DEFENDANT'S MOTION IN LIMINE

This matter is before the Court on Defendants' motion (doc. 88) in limine. Plaintiff has filed an opposition (doc. 89) to which Defendants have filed a reply (doc. 93). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

### I. Facts

On July 5th and 7th, 2002, Amelia LeCarbo, Plaintiff Mark Anderson's five-year-old niece, made separate statements to members of the Ascension Parish Sherriff's Office ("APSO") that Anderson had molested her (doc. 1). Based solely on these statements—and despite other evidence that suggested LeCarbo was mistaken—Detective David Cambre ("Cambre") drew up an arrest warrant which was later issued by the Honorable Ralph Tureau of the 23rd Judicial District Court of the State of Louisiana (doc. 1). On July 10, 2002, officers from the APSO arrested Anderson, and on September 18, 2010, Anderson was formally charged with Indecent Behavior with a Juvenile and Molestation of a Juvenile (doc. 1). On January 8, 2003, on a Motion for Preliminary Hearing, Judge Tureau found that many material facts were either mischaracterized in or omitted from the

1

warrant and that no probable cause existed to hold Anderson to his bond obligation (doc. 1).

On July 10, 2003, Plaintiff filed suit against Defendants—members of the APSO, the Ascension Parish District Attorney's Office and two liability insurers. Plaintiff asserts that Defendants conspired to deprive him of his Fourth, Fifth and Fourteenth Amendment rights by arresting, incarcerating, charging and compelling him to defend himself without probable cause (doc. 1). Plaintiff also asserts that Defendants made numerous errors in the collection and interpretation of evidence which vitiated a finding of probable cause (doc. 1).

On January 19, 2011, Defendants Cambre; Jeff Wiley, Sheriff of Ascension Parish; Deputy Byron Arceneaux; and Lieutenant Joann Gautreaux filed their Motion (doc. 88) in Limine to exclude certain proposed exhibits submitted by Plaintiff. Defendants assert the following items are inadmissible: (1) the certified copy of the record of *State v. Mark J. Anderson*, 23rd Judicial District Court for the Parish of Ascension, Division "A," Docket # 15,149 ("the Record"); and (2) the Reasons for Judgment in *State of Louisiana v. Mark Anderson* proceedings No. 15,149 for the 23rd Judicial District Court for the Parish of Ascension ("Reasons for Judgment") finding that the requisite probable cause showing had not been made. Defendants assert that the items are not admissible under the Federal Rules of Evidence because (1) the Record contains hearsay, and no exceptions to the hearsay rule apply; and (2) the Record and Reasons for Judgment are not relevant and are unfairly prejudicial (doc. 88).

On January 31, 2011, Plaintiff filed his Opposition (doc. 89) to Defendants' Motion in Limine. Plaintiff asserts that (1) Defendants' Motion in Limine was not timely filed in accordance with the Court's Scheduling Order; (2) the Record is admissible under Federal Rule of Evidence 803(8), as a public record, excepting it from the hearsay rule; and (3) the Record and Reasons for Judgment are relevant to the case at bar and are not unfairly prejudicial.

On February 9, 2011, Defendants filed their Reply (doc. 93) to Plaintiff's Opposition. Defendants assert that, though their motion was admittedly late, the Court should excuse their tardiness due to extenuating circumstances and reiterate their hearsay and relevance objections.

II. A nalysis

A. Timeliness

Plaintiff asserts that Defendants' motion should be dismissed because it was filed ten days after the January 8, 2011 deadline for filing motions in limine, as set in the Court's October 20, 2010 pretrial order (doc. 89). Defendants assert that their motion, though filed late, should not be dismissed because they did not receive the noted pretrial order—and instead relied on upon the Court's September 7, 2010 Uniform Pretrial Notice—and could not electronically access it because the case has been filed under seal (doc. 93). Moreover, Defendants assert that Plaintiff will not be prejudiced by their untimely filing (doc. 93).

Fed. R. Civ. P. 16 authorizes district courts to coordinate pretrial discovery through scheduling orders. The purpose of such orders is to ensure that the

parties are informed of what issues will arise at trial and to provide them with sufficient time to prepare to address those issues. *Barbosa v. Cnty. of El Paso*, 158 F.3d 584, 1998 WL 648596, at *4 (5th Cir. 1998). However, district courts are also given broad discretion in enforcing their scheduling orders. *Hymes v. Mississippi*, 2011 WL 500310, at *1 (5th Cir. Feb. 14, 2011).

The Court finds that Defendants' motion should not be dismissed for untimeliness. First, because the case has been filed under seal, Defendants did not have the opportunity to electronically access the October 20, 2010 pretrial order, as would typically be the case. Moreover, Plaintiff will not be prejudiced by the introduction of the Record and Reasons for Judgment because Plaintiff will still have adequate time to prepare for the issues raised by those documents in so far as the pre-trial conference will not take place until February 22, 2011.

**B. Hearsay**

Defendants assert that the Record is inadmissible because it contains hearsay and does not fall under the Fed. R. Evid. 804 exception for "former testimony" (doc. 89). Defendants assert that Fed. R. Evid. 804 does not apply because neither Defendants nor a predecessor in interest had an opportunity to develop the testimony and because Plaintiff has not demonstrated that the witnesses are unavailable (doc. 89).

Plaintiff asserts that the Record is admissible because it falls under the Fed. R. Evid. 803(8) exception for "public records" (doc. 93). Plaintiff asserts that the exception applies because "the state court had a duty to observe and report

activities occurring before it" (doc. 89). In response, Defendants assert that the cases cited by Plaintiff are distinguishable and renew their argument as to "former testimony" (doc. 93).

Generally speaking, hearsay is inadmissible, except in defined circumstances. Fed. R. Evid. 802. Federal Rule of Evidence 804 exempts from the hearsay rule an individual's former testimony if (1) "the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination;" and (2) the individual is "unavailable." Fed. R. Evid. 804(a) & (b)(1). Additionally, Fed. R. Evid. 803(8)(B)—the "public records" exception—exempts from the hearsay rule "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . matters observed pursuant to duty imposed by law as to which matters there was a duty to report."

The United States Court of Appeals for the Fifth Circuit has found that certified court records come within the ambit of the "public records" exception to the hearsay rule. *See Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 291-92 (5th Cir. 2002) ("The district court's conclusion that the transcript of the state court hearing was an admissible public record is persuasive. We accordingly find no error in the court's having admitted the hearing transcript."); *United States v. Mayfield*, 31 F. App'x 160, 2001 WL 1751481, at *1 (5th Cir. 2001) (stating that "certified court records are public records which fall within the public-records exception to the hearsay rule");

*United States v. Cantu*, 167 F.3d 198, 203 (5th Cir. 1999) (stating that "certified court records are public records, thereby falling within the public records exception to the hearsay rule").

The Court finds that the Record comes within the ambit of the 803(8) "public records" exception to the hearsay rule. The Court recognizes the factual distinctions between the Plaintiff's case and the cases cited by Plaintiff.[1] Moreover, the Court has considered cases from other districts which persuasively suggest that a blanket rule permitting the admission of court records under Rule 803(8) would threaten to swallow up Rules 804(a) & (b)(1) which prohibit the admission of former testimony except in specific circumstances which are inapplicable here. *See, e.g., Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 186 WL 15580, at *6 (D. Del. 1986). However, the Fifth Circuit has been relatively unequivocal in its pronouncements that court records are exempt from the hearsay exception. *See, e.g., See Cozzo*, 279 F.3d at 291-92; *Mayfield*, 2001 WL 1751481, at *1; *Cantu*, 167 F.3d at 203. Therefore, the Court finds that the Record is admissible if it is relevant.

### C. Relevance and Unfair Prejudice

Defendants assert that the Reasons for Judgment is inadmissible because it is not relevant to Plaintiff's case (doc. 88). Defendants assert that the Reasons

---

[1] Defendants' argue that *Cozzo* is distinguishable because in *Cozzo*, the court admitted the hearing transcript in order to introduce only a single statement by the trier of fact, rather than testimony. *Cozzo*, 279 F.3d at 291-92. Moreover, in *Mayfield*, the court admitted certified court records of the prior convictions of the defendant, who was charged with being a felon in possession of a firearm. *Mayfield*, 2001 WL 1751481, at *1.

6

for Judgment is not relevant because it speaks to the existence of probable cause long after Plaintiff had been arrested and the facts had been more thoroughly developed (doc. 88). Defendant asserts that the Reasons for Judgment, therefore, have no bearing on whether probable cause existed at the time of Plaintiff's arrest (doc. 88). Moreover, Defendants assert that the Reasons for Judgment is inadmissible because it is unfairly prejudicial (doc. 88). Defendants assert that jury could be misled or confused by Judge Tureau's determinations that probable cause existed at the time of Plaintiff's arrest, but did not exist at the time of the hearing, six months later (doc. 88). In Defendants reply (doc. 93) to Plaintiff's opposition, Defendants assert these same arguments with regards to the Record.

Plaintiff asserts that the Record and Reasons for Judgment are relevant,

> because [they] discuss[] the information the detectives had and avenues of investigation the detectives explored (or failed to explore) before seeking an arrest warrant. Further, [they] compare[] the information known to the detectives at the time of seeking [the] arrest warrant to the information that was actually told to the judge at the time the detectives sought the arrest warrant.

(doc. 89). Plaintiff also asserts that the information contained within the Record and Reasons for Judgment does not rise to the level of being unfairly prejudicial (doc. 89).

7

Because the Court desires further clarification as to the relevance and unfair prejudice issues, the parties are ordered to appear before the Court to present oral argument on this issues.

## **CONCLUSION**

Accordingly, the Court orders the parties to contact the Court to schedule oral arguments.

Signed in Baton Rouge, LA this 16th day of February, 2011.

_____
Honorable James J. Brady
United States District Court
Middle District of Louisiana