UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARK J. ANDERSON

VERSUS

THE PARISH OF ASCENSION, ET AL

CIVIL ACTION

NO. 03-CV-539

## RULING ON DEFENDANT'S MOTION IN LIMINE

This matter is before the Court on Defendants' motion (doc. 88) in limine. Plaintiff has filed an opposition (doc. 89) to which Defendants have filed a reply (doc. 93). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated, herein, the Court GRANTS Defendant's motion (doc. 88).

## Background

### I. Facts

In July 2002, Amelia LeCarbo, Plaintiff Mark Anderson's five-year-old niece, made multiple statements to members of the Ascension Parish Sherriff's Office ("APSO") that Anderson had molested her (doc. 1). On the basis of these statements Detective David Cambre ("Cambre") drew up an arrest warrant which was later issued by the Honorable Ralph Tureau of the 23rd Judicial District Court of the State of Louisiana (doc. 1). On July 10, 2002, officers from the APSO arrested Anderson, and on September 18, 2010, Anderson was formally charged with Indecent Behavior with a Juvenile and Molestation of a Juvenile (doc. 1). On January 8, 2003, on a Motion for Preliminary Hearing, Judge Tureau found that many material facts—including potential inconsistencies in LeCarbo's story

1

and the existence of potential witnesses to the alleged incidents—were omitted from the warrant and that no probable cause existed to hold Anderson to his bond obligation (doc. 1).

## II. Procedu ral History

On July 10, 2003, Plaintiff filed suit against Defendants, including members of the APSO Detective Cambre, Lieutenant Joann Gautreaux and Sheriff Jeff Wiley, for depriving him of his Fourth Amendment right to be free from arrest without probable cause. As the case—which is now at trial—has progressed, it has become evident that the primary issue in the case is whether Detective Cambre intentionally or recklessly omitted material facts from the application for a warrant to arrest Plaintiff.

On January 19, 2011, Defendants filed their Motion (doc. 88) in Limine to exclude (1) the certified copy of the record of State v. Mark J. Anderson, 23rd Judicial District Court for the Parish of Ascension, Division "A," Docket # 15,149 ("the Record"); and (2) the Reasons for Judgment in State of Louisiana v. Mark Anderson proceedings No. 15,149 for the 23rd Judici al District Court for the Parish of Ascension ("Reasons for Judgment") finding that the requisite probable cause showing had not been made. Defendants assert that the items are not admissible under the Federal Rules of Evidence because (1) the Record contains hearsay, and no exceptions to the hearsay rule apply; and (2) the Record and Reasons for Judgment are not relevant and are unfairly prejudicial (doc. 88).

On January 31, 2011, Plaintiff filed his Opposition (doc. 89) to Defendants' Motion in Limine. Plaintiff asserts that (1) Defendants' Motion in Limine was not timely filed in accordance with the Court's Scheduling Order; (2) the Record is admissible under Federal Rule of Evidence 803(8), as a public record, excepting it from the hearsay rule; and (3) the Record and Reasons for Judgment are relevant to the case at bar and are not unfairly prejudicial.

On February 9, 2011, Defendants filed their Reply (doc. 93) to Plaintiff's Opposition. Defendants assert that, though their motion was admittedly late, the Court should excuse their tardiness due to extenuating circumstances and reiterate their hearsay and relevance objections.

## Analysis

### A. Timeliness

Plaintiff asserts that Defendants' motion should be dismissed because it was filed ten days after the January 8, 2011 deadline for filing motions in limine, as set in the Court's October 20, 2010 pretrial order (doc. 89). Defendants assert that their motion, though filed late, should not be dismissed because they did not receive the noted pretrial order—and instead relied on upon the Court's September 7, 2010 Uniform Pretrial Notice—and could not electronically access it because the case has been filed under seal (doc. 93). Moreover, Defendants assert that Plaintiff will not be prejudiced by their untimely filing (doc. 93).

Fed. R. Civ. P. 16 authorizes district courts to coordinate pretrial discovery through scheduling orders. The purpose of such orders is to ensure that the

3

parties are informed of what issues will arise at trial and to provide them with sufficient time to prepare to address those issues. *Barbosa v. Cnty. of El Paso*, 158 F.3d 584, 1998 WL 648596, at *4 (5th Cir. 1998). However, district courts are also given broad discretion in enforcing their scheduling orders. *Hymes v. Mississippi*, 2011 WL 500310, at *1 (5th Cir. Feb. 14, 2011).

The Court finds that Defendants' motion should not be dismissed for untimeliness. First, because the case has been filed under seal, Defendants did not have the opportunity to electronically access the October 20, 2010 pretrial order, as would typically be the case. Moreover, Plaintiff will not be prejudiced by the introduction of the Record and Reasons for Judgment because Plaintiff will still have adequate time to prepare for the issues raised by those documents in so far as the pre-trial conference will not take place until February 22, 2011.

**B. Hearsay**

Defendants assert that the Record is inadmissible because it contains hearsay and does not fall under the Fed. R. Evid. 804 exception for "former testimony" (doc. 89). Defendants assert that Fed. R. Evid. 804 does not apply because neither Defendants nor a predecessor in interest had an opportunity to develop the testimony and because Plaintiff has not demonstrated that the witnesses are unavailable (doc. 89).

Plaintiff asserts that the Record is admissible because it falls under the Fed. R. Evid. 803(8) exception for "public records" (doc. 93). Plaintiff asserts that the exception applies because "the state court had a duty to observe and report

4

activities occurring before it" (doc. 89). In response, Defendants assert that the cases cited by Plaintiff are distinguishable and renew their argument as to "former testimony" (doc. 93).

Generally speaking, hearsay is inadmissible, except in defined circumstances. Fed. R. Evid. 802. Federal Rule of Evidence 804 exempts from the hearsay rule an individual's former testimony if (1) "the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination;" and (2) the individual is "unavailable." Fed. R. Evid. 804(a) & (b)(1). Additionally, Fed. R. Evid. 803(8)(B)—the "public records" exception—exempts from the hearsay rule "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . matters observed pursuant to duty imposed by law as to which matters there was a duty to report."

The United States Court of Appeals for the Fifth Circuit has found that certified court records come within the ambit of the "public records" exception to the hearsay rule. *See Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 291-92 (5th Cir. 2002) ("The district court's conclusion that the transcript of the state court hearing was an admissible public record is persuasive. We accordingly find no error in the court's having admitted the hearing transcript."); *United States v. Mayfield*, 31 F. App'x 160, 2001 WL 1751481, at *1 (5th Cir. 2001) (stating that "certified court records are public records which fall within the public-records exception to the hearsay rule");

5

*United States v. Cantu*, 167 F.3d 198, 203 (5th Cir. 1999) (stating that "certified court records are public records, thereby falling within the public records exception to the hearsay rule").

The Court finds that the Record comes within the ambit of the 803(8) "public records" exception to the hearsay rule. The Court recognizes the factual distinctions between the Plaintiff's case and the cases cited by Plaintiff.[1] Moreover, the Court has considered cases from other districts which persuasively suggest that a blanket rule permitting the admission of court records under Rule 803(8) would threaten to swallow up Rules 804(a) & (b)(1) which prohibit the admission of former testimony except in specific circumstances which are inapplicable here. *See, e.g., Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 186 WL 15580, at *6 (D. Del. 1986). However, the Fifth Circuit has been relatively unequivocal in its pronouncements that court records are exempt from the hearsay exception. *See, e.g., See Cozzo*, 279 F.3d at 291-92; *Mayfield*, 2001 WL 1751481, at *1; *Cantu*, 167 F.3d at 203. Therefore, the Court finds that the Record is admissible if it is relevant.

### C. Relevance and Unfair Prejudice

Defendants assert that the Record and Reasons for Judgment are inadmissible because they are not relevant to Plaintiff's case (doc. 88).

---

[1] Defendants' argue that *Cozzo* is distinguishable because in *Cozzo*, the court admitted the hearing transcript in order to introduce only a single statement by the trier of fact, rather than testimony. *Cozzo*, 279 F.3d at 291-92. Moreover, in *Mayfield*, the court admitted certified court records of the prior convictions of the defendant, who was charged with being a felon in possession of a firearm. *Mayfield*, 2001 WL 1751481, at *1.

6

Defendants assert that neither Judge Tureau's determination that probable cause to hold Plaintiff did not exist at the time of the January 8, 2003 preliminary hearing, nor the record of the proceedings, are relevant to whether probable cause to arrest Plaintiff existed on July 10, 2002 (doc. 88). Moreover, Defendants assert that the Reasons for Judgment is inadmissible because it is unfairly prejudicial in that the jury may place too much weight on Judge Tureau's January 8, 2003 determination (doc. 88).

At a March 23, 2011 oral argument, Plaintiff asserted that the Record and the Reasons for Judgment are relevant to establish a necessary element to their claim: that Detective Cambre omitted material facts from the application for an arrest warrant. According to Plaintiff, he must establish that had the omitted facts been included in the application for an arrest warrant, the judge would not have found that probable cause to arrest Plaintiff existed, and that the Reasons for Judgment explicitly state that Judge Tureau made such a conclusion.

To prevail on his false arrest claim, the Plaintiff must establish that (1) Detective Cambre omitted material facts from the application for a warrant; and (2) Detective Cambre did so intentionally or recklessly. *Hale v. Fish*, 899 F.2d 390, 400 (5th Cir. 1990). "To determine whether facts omitted from a warrant affidavit are material to the determination of probable cause, courts ordinarily insert the omitted facts into the affidavit and ask whether the reconstructed affidavit would still support a finding of probable cause." *Kohler v. Englade*, 470 F.3d 1104, 1114 (5th Cir. 2006). Though the law is admittedly not crystal clear, it

7

appears that the Court determines whether the omitted facts were material to a finding of probable cause, while the jury determines whether Detective Cambre did so intentionally or recklessly.[2]

The Court finds that the Record and Reasons for Judgment should not be admitted. Because the Court determines whether the omitted facts were material to a finding of probable cause, unfair prejudice is not in issue. However, the Court agrees with Defendants that whether Judge Tureau concluded that probable cause existed on January 8, 2003, and the record from those proceedings, are irrelevant to whether probable cause existed on July 10, 2002. This is so, partly because the parties cannot agree as the accuracy of Judge Tureau's recitation of the facts, either included or omitted and partly because this Court owes a duty to the parties to make its own, independent evaluation as to the existence of probable cause on the basis of the evidence presented at *this* trial.

---

[2] *Stewart v. Sonneborn*, 98 U.S. 187, 194 (1878) ("It is true that what amounts to probable cause is a question of law in a very important sense. . . . 'The question of probable cause is a mixed question of law and of fact. Whether the circumstances alleged to show it probable are true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law.'"); *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) ("It has long been recognized that, where there is no dispute as to what facts were relied on to demonstrate probable cause, the existence of probable cause is a question of law for the court."); *United States v. Awadallah*, 349 F.3d 42, 65 (2d Cir. 2003) ("On appeal, we review de novo the legal question of '[w]hether the untainted portions [of the affidavit] suffice to support a probable cause finding.' 'The issue of materiality may be characterized as a mixed question of law and fact, or as a pure question of law,' . . . However, '[w]hether a person acted deliberately or recklessly is a factual question of intent.'"); *United States v. Martin*, 615 F.2d 318, 328 (5th Cir. 1980)("[W]e [are] required to determine whether, if the omitted material had been included in the affidavit, the affidavit would still establish probable cause for Martin's arrest.").

## CONCLUSION

Accordingly, the Court hereby GRANTS Defendant's Motion (doc. 88) in Limine to exclude the Record and Reasons for Judgment.

Signed in Baton Rouge, LA this 28th day of March, 2011.

_____
Honorable James J. Brady
United States District Court
Middle District of Louisiana